UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

APRIL OVERMAN

VERSUS

CITY OF BATON ROUGE, ET AL

CIVIL ACTION

NUMBER 13-614-SCR

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

Before the court is a Motion for Summary Judgment filed by the plaintiff April Overman. Record document number 20. The motion is opposed by defendants the City of Baton Rouge and Mayor Melvin "Kip" Holden.[1] Also before the court is a Motion for Summary Judgment filed by the defendants. Record document number 28. Defendants' motion is opposed by the plaintiff.[2]

Consideration of the parties submissions and the applicable law supports finding that neither the plaintiff nor the defendants is entitled to summary judgment.

**Background**

Plaintiff filed this action against the defendants under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law, which both prohibit discrimination in employment based on gender. 42 U.S.C. 2000e-2; LSA-R.S. 23:332. During the first five months of 2011, the plaintiff tested, applied

---

[1] Record document number 26.

[2] Record document number 31.

and interviewed for the position of police chief for the City of Baton Rouge.  On May 27, 2011 the plaintiff was informed that she was not hired for the position, and the defendants had selected a male applicant, Donald D. White.  Plaintiff alleged that the defendants' decision not to hire her as police chief was motivated by her gender.  Plaintiff essentially alleged and argued that this prohibited motive is evidenced by the gender-based interview questions she was asked by the mayor and a member of the selection committee, and the fact that she was clearly more qualified for the position than White.

Plaintiff moved for summary judgment based on a statement of uncontested material facts,[3] her deposition and the deposition of defendant Mayor Holden.[4]  Plaintiff also submitted numerous documents related to the selection committee and its meetings, civil service test results, her application and White's application for the position, the announcement of White's selection, the City's equal employment opportunity policy, and the plaintiff's charge of discrimination.[5]  Plaintiff relied on the same statement of uncontested material facts and these same exhibits to oppose the

---

[3] Record document number 20-2.

[4] Record document numbers 20-4 and 20-5.

[5] All of this documentary evidence was filed at record document numbers 21 and 22.

defendants' motion for summary judgment.[6]

Defendants opposed the plaintiff's motion and also moved for summary judgment in their favor. In their opposition the defendants relied on the deposition testimony of defendant Mayor Holden and the plaintiff. In support of their motion the defendants filed their own statement of undisputed material facts,[7] and also relied on White's application for the position and the mayor's announcement of White as his selection.[8]

**<u>Applicable Law</u>**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at

---

[6] Record document number 31.

[7] Record document number 28-1

[8] In connection with their opposition, the defendants filed the depositions of the plaintiff and Holden. Record document numbers 26-3 and 26-4. Defendants referenced and relied on these exhibits as well as plaintiff's exhibit 22-6 (Mayor's announcement), and exhibit 22-12 (White's application), in their motion for summary judgment.

252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

The applicable substantive law dictates which facts are material. *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001). In this case the court must apply the law applicable claims brought under Title VII and the LEDL for a discriminatory failure to hire based on sex. Because the LEDL is patterned after the corresponding federal law, the legal analysis

4

is the same.[9]

The well-established modified *McDonnell Douglas*[10] framework is applied to consideration of sex discrimination claims brought under federal and state law.[11] Under this framework, a plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. To establish a prima facie case of failure to hire based on gender, a plaintiff must show that: (1) she is a member of a protected group; (2) she applied for a position; (3) she was qualified for that position when she applied; (4) she was not selected for the position; and (5) after she was not hired the position either remained open or a male was selected to fill it. *Davis v. Chevron U.S.A., Inc*., 14 F.3d 1082, 1087 (5th Cir. 1994). A plaintiff's prima facie case creates an inference of discrimination that shifts the burden of production to the defendant to articulate and come forward with evidence that the adverse employment action was taken for a legitimate,

---

[9] *See, Turner v. Kansas City Southern Ry. Co.,* 675 F.3d 887 891 (5th Cir. 2012).

[10] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).

[11] The modified *McDonnell Douglas* approach is a result of the Supreme Court's decision in *Desert Palace v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003). Under this approach a plaintiff relying on circumstantial evidence in support of her claim is not limited to demonstrating that the defendant's reason is pretextual, and may alternatively establish that discriminatory animus was a motivating factor in an adverse employment decision. *Keelan v. Majesco Software, Inc*., 407 F.3d 332, 341 (5th Cir. 2005).

5

nondiscriminatory reason. *Reeves*, 530 U.S. at 142.; *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S.Ct. 1089 (1981). The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Alvarado v. Texas Rangers,* 492 F.3d 605, 611-612 (5th Cir. 2007); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004).

When a plaintiff is not relying on comparative qualifications alone to establish pretext, the plaintiff is not required to prove that she is clearly better qualified than the employee selected for the position. *See, Sanders v. Anadarko Petroleum Corp.,* 108 Fed.Appx. 139 (5th Cir. 2004); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 728 (5th Cir. 2002); *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994); *Johnson v. BAE Systems Land & Armaments, L.P.,* 2014 WL 1714487 (N.D.Tex. April 30, 2014).

## Analysis

It is unnecessary to give a detailed summary of the parties' arguments and the summary judgment evidence. The parties' evidence has been throughly reviewed and their arguments have been carefully considered.[12] After doing so, it is apparent that the plaintiff's discrimination claims cannot be resolved by a summary judgment.

Both the plaintiff and the defendants relied extensively on the deposition testimony of the plaintiff and defendant Mayor Holden to support their respective arguments. Citations to mostly different parts of the depositions are essentially an acknowledgment that there are multiple disputed issues of material fact and questions of credibility raised by the evidence. The disputes relate to the legitimacy of the defendants' nondiscriminatory reasons for selecting White for police chief and not selecting the plaintiff.[13] Each side's argument for summary

---

[12] Defendants also argued that even if the plaintiff has evidence to establish that sex was a motivating factor, they can prove the same decision would have been made without consideration of this prohibited factor. 42 U.S.C. § 2000e-5(g)(2)(B); *Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000). For the same reasons they are not entitled to summary judgment on the merits of the plaintiff's claims, as explained below, the defendants have not established that they are entitled to summary judgment on this defense.

The court notes that this is an affirmative defense on which the defendants have the burden of proof. Even if a defendant proves the defense, it only limits the relief the plaintiff can obtain to declaratory relief, some types of injunctive relief, attorney's fees and costs.

[13] For purposes of this motion, the defendants do not dispute
(continued...)

judgment would require a favorable resolution of disputed facts, credibility issues, and interpretation of the evidence. It is well-established that summary judgment cannot be granted in these circumstances - resolving factual disputes, credibility issues, and interpreting evidence in favor of the moving party is prohibited in ruling on a summary judgment motion. And ever when underlying material facts are not disputed, e.g. the work history of the applicants for the position, reasonable fact-finders may disagree as to whether an applicant was qualified for the position, or was better qualified or clearly better qualified than another applicant.

Since summary judgment cannot be granted for the plaintiff or the defendants, an extensive discussion of the evidence is not warranted and would not be helpful to the parties - they are obviously well aware of the evidence supporting and opposing their positions. A reasonable trier of fact viewing the evidence related to the selection and decision-making process, and defendant Mayor Holden's stated reasons for his hiring decision, could believe the plaintiff's testimony and conclude that his explanation is vague, inconsistent, contradictory, and therefore not credible. This conclusion, along with the evidence establishing the elements of the plaintiff's prima facie case, would be sufficient for a

---

[13](...continued)
that the plaintiff can establish the elements of a prima facie case of gender discrimination under *McDonnell Douglas.*

reasonable jury to find the defendants' proffered reasons for hiring White rather than the plaintiff either are not true and instead are a pretext for gender discrimination, or that the plaintiff's sex was a motivating factor in the hiring decision. Similarly, a reasonable jury considering the same evidence could find the plaintiff is not credible, and by drawing all inferences in the defendants' favor, reach a different conclusion. Thus, summary judgment cannot be granted in favor of the plaintiff or the defendants.

### Conclusion

Accordingly, the Motion for Summary Judgment filed by plaintiff April Overman (record document number 20) is denied, and the Defendants' Motion for Summary Judgment filed by defendants the City of Baton Rouge and Mayor Melvin "Kip" Holden (record document number 28) is also denied.

Baton Rouge, Louisiana, January 15, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE