UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


APRIL OVERMAN

VERSUS

CITY OF BATON ROUGE, ET AL

CIVIL ACTION

NUMBER 13-614-SCR

## RULING ON MOTION IN LIMINE

Before the court is the Defendants' Motion in Limine. Record document number 35. The motion is opposed.[1]

Defendants seek to have any evidence concerning the performance or termination of former police chief Donald White excluded from the trial, including any reference to such evidence in opening statements and closing arguments. Defendants argued that such evidence is at best circumstantial evidence, and it would not assist the plaintiff in meeting her burden of proof as it would not indicate that Mayor Melvin "Kip" Holden's reasons for selecting White for the job of police chief were false or a pretext for unlawful discrimination.

Plaintiff argued in her opposition that White's actions which led to his termination approximately two years after he was selected for the position would not have occurred if he had been qualified for the position, and Mayor Holden's reasons for terminating White are evidence that White actually lacked the

---

[1] Record document number 36.

qualifications for the position from the outset.  Plaintiff argued that by proving White was not qualified for the position, which is demonstrated by the reasons for his termination, she will have proven that the reasons given for the decision to select him were merely a pretext for unlawful discrimination.

The parties have not listed as Established Facts in the Pretrial Order that either the plaintiff or White were qualified for the police chief position.  Consequently, the plaintiff will have to prove that she was qualified for the position, and may also have to prove that she was clearly better qualified than White.[2]

---

[2] The applicable substantive law was set out in the Ruling on Motions for Summary Judgment, record document number 32, and is repeated here for convenience.  The well-established modified *McDonnell Douglas* framework, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), is applied to consideration of sex discrimination claims brought under federal and state law.  Under this framework, a plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case.  To establish a prima facie case of failure to hire based on gender, a plaintiff must show that: (1) she is a member of a protected group; (2) she applied for a position; (3) she was qualified for that position when she applied; (4) she was not selected for the position; and (5) after she was not hired the position either remained open or a male was selected to fill it.  The modified *McDonnell Douglas* approach is a result of the Supreme Court's decision in *Desert Palace v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003).  Under this approach a plaintiff relying on circumstantial evidence in support of her claim is not limited to demonstrating that the defendant's reason is pretextual, and may alternatively establish that discriminatory animus was a motivating factor in an adverse employment decision. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005).

When a plaintiff is not relying on comparative qualifications alone to establish pretext, the plaintiff is not required to prove that she is clearly better qualified than the employee selected for the position.  *See, Sanders v. Anadarko Petroleum Corp.*, 108
(continued...)

The court anticipates the parties will offer at the trial extensive evidence of both the plaintiff's and White's qualifications. The court also anticipates the parties will offer substantial evidence of the qualifications cited and relied on by Mayor Holden for selecting White rather than the plaintiff for the position.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence[,] and (b) the fact is of consequence in determining the action." Rule 401, Fed.R.Evid. To the extent that White's subsequent job performance was not consistent with qualifications cited by the mayor, the trier of jury may reasonably infer that White did not actually have those qualifications and in fact was not qualified for the position. For example, if a proffered reason for selecting White was his communication skills, but later the mayor fired White because he failed to communicate effectively, this may be considered as evidence that White did not have good communication skills.

However, the court cannot at this time confidently predict what evidence of White's post-hire job performance the plaintiffs will offer at the trial. Some of that evidence may relate to his proffered qualifications or the reasons cited by the mayor for

---

[2](...continued)
Fed.Appx. 139 (5th Cir. 2004); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 728 (5th Cir. 2002); *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994); *Johnson v. BAE Systems Land & Armaments, L.P.*, 2014 WL 1714487 (N.D.Tex. April 30, 2014).

3

selecting him, but some may not. Consequently, the court cannot at this time categorically state what evidence of White's job performance or the reasons for his termination will or will not be admissible at the trial.

Accordingly, the Defendants' Motion in Limine is denied, without prejudice to the defendants objecting to specific evidence at the trial.

Baton Rouge, Louisiana, March 4, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4