UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


APRIL OVERMAN

VERSUS                              CIVIL ACTION

CITY OF EAST BATON ROUGE, ET AL     NUMBER 13-614-SCR


### RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS

Before the court is the Motion for Attorney's Fees and Costs filed by plaintiff April Overman.  Record document number 76.  The motion is opposed.[1]

Plaintiff filed this action against the defendants the City of Baton Rouge and Mayor Melvin "Kip" Holden, under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law ("LEDL"), which both prohibit discrimination in employment based on gender.  42 U.S.C. 2000e-2; LSA-R.S. 23:332.  Plaintiff alleged that the defendants' decision not to hire her as Baton Rouge police chief in May 2011 was motivated by her gender.

After a bench trial, the court issued an opinion finding that the plaintiff proved the defendants' motive for not selecting her as police chief was intentional discrimination based on her sex in violation of Title VII and the LEDL.[2]  Judgment was entered in

---

[1] Record document number 84.  Plaintiff filed a reply memorandum.  Record document number 88.

[2] Record document number 74.

favor of the plaintiff on September 25, 2015, awarding her back pay
and lost pension benefits totaling $272,148.[3]  Plaintiff timely
filed the present motion for an award of attorney's fees and
nontaxable expenses under Rule 54(d)(2), Fed.R.Civ.P.  Plaintiff
seeks attorney's fees for 116.5 hours of work her attorney
performed in connection with litigating and trying this case
through entry of the judgment.  Alternative hourly rates were
listed for the work performed- $225 or $275 per hour.  Based on the
$225 per hour rate, the total attorney's fees requested equaled
$26,212.50.  At the hourly rate of $275, the total attorney's fees
requested is $32,037.50.[4]  Plaintiff also requested costs and
expenses in the amount of $2,455.74.

Defendants argued that the plaintiff's motion should be denied
in its entirety, or in the alternative, that the amount requested
should be significantly reduced based on the following grounds: (1)
lack of contemporaneous billing records and vague descriptions of
the services performed; (2) no supporting affidavits or information
about the plaintiff's fee arrangement with counsel, the nature of
the case or the customary charges within the community; and, (3) no
information provided on the experience, reputation or ability of
plaintiff's attorney to support either of the two proposed hourly

_____

[3] Record document number 75.

[4] The total listed in the motion for the $275 hourly rate was
$32,375.00.  This was an error.  A total of 116.5 hours times $275
equals $32,037.50.

2

rates.

In a reply memorandum, counsel for the plaintiff stated that he did not keep separate time and billing records.  In further support of the motion, counsel submitted his declaration and the plaintiff's declaration.[5]  Plaintiff stated that based on her personal, firsthand knowledge the billing submitted is true and correct.  In his declaration, the plaintiff's counsel stated that based on his personal, firsthand knowledge the billings submitted is true and correct.  Counsel also summarized his career and legal practice since graduating from law school in 1981 and completing a two-year federal clerkship in the Eastern District of Louisiana.

Based on the applicable law and the analysis that follows, the plaintiff's request for attorney's fees is granted, with a ten percent reduction to account for the failure to provide contemporaneous billing records.  Plaintiff's request for nontaxable expenses under Rule 54(d)(2)(A) is granted in part and denied in part.

### Applicable Law

Under Title VII, 42 U.S.C. § 2000e-5(k), "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."

---

[5] Record document numbers 88-2 and 89.

In the Fifth Circuit the lodestar method is used to calculate an appropriate attorney's fee award to a Title VII prevailing party.  The lodestar figure is calculated by multiplying the number of hours reasonably spent on the case, by an appropriate reasonable hourly rate in the community for such work.  *Rutherford v. Harris County, Tex.*, 197 f.3d 173, 192 (5th Cir. 1999).  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *City of Burlington v. Dague*, 505 U.S. 557, 561, 112 S.Ct. 2638, 2641 (1992); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

After calculating the lodestar, the court may decrease or increase the lodestar based on the relative weight of the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*[6] However, the lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar award already took that factor into

---

[6] 488 F.2d 714 (5th Cir. 1974).  The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

In this case there was no request for any adjustment based on a *Johnson* factor.  Therefore, the only issue is the calculation of the lodestar based on the number of hours reasonably spent on the case, multiplied by a reasonable hourly rate.

account.   To do so would be impermissible double counting.   *Id.*
Therefore, the novelty and complexity of the issues, special skill
and experience of counsel, quality of representation, and the
results obtained from the litigation are presumably fully reflected
in the lodestar amount and thus cannot serve as an independent
basis for increasing the fee.   *Pennsylvania v. Delaware Valley
Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088,
3098 (1986).   *Burlington* and *Shipes* eliminated the contingent
nature of the fee as an additional basis for enhancement, and in
*Shipes* the court concluded that the time limitations involved and
preclusion of other employment generally are factors subsumed in
the number of hours reasonably expended.   *City of Burlington,
supra; Shipes v. Trinity Industries*, 987 F.2d 311, 321 (5th Cir.
1993), *cert. denied,* 510 U.S. 991, 114 S.Ct. 548 (1993).

The amount of damages a plaintiff recovers is one of the many
factors that a court must consider when calculating an award of
fees.   An attorney's fee award does not need to be commensurate
with the actual dollar amount awarded to the plaintiff.   The court
should give adequate consideration to the result obtained relative
to the fee award, and the result obtained relative to the result
sought.   *Green v. Administrators of Tulane Educational Fund,* 284
F.3d 642, 663 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.,* 135
F.3d 1041, 1048 (5th Cir. 1998).

It is well established that motions for attorney's fees must

5

be supported by adequately documented time records.  Plaintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and therefore are charged with proving that they exercised billing judgment.  *Walker v. City of Mesquite, TX*, 313 F.3d 246, 251 (5th Cir. 2002); *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939-40 (1983).  Billing judgment requires documentation of both the hours charged and the hours written off.  *Id*.  Billing judgment is usually shown by the attorney writing off unproductive, excessive or redundant hours.  *Green*, 284 F.3d at 662.  If there is no evidence of billing judgment, the proper remedy is not a denial of fees, but a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.  *Walker*, *supra*, citing, *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996).

Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community.  Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing in the community.  When an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate.  When that rate is not contested it is *prima facie* reasonable.  *Green*, 284 F.3d at 662; *Watkins*, 7 F.3d at

458; *McClain v. Lufkin Industries, Inc.,* 649 F.3d 374, 380-82 (5th Cir. 2011); *Islamic Center of Mississippi, Inc. v. City of Starkville, Mississippi*, 876 F.2d 465, 469 (5th Cir. 1989) .

## Analysis

### Reasonable Hourly Rate

Plaintiff provided two hourly rates in the motion - $225 or $275.  Counsel stated in his declaration that he has charged hourly fees in excess of these amounts, but he did not specify his customary billing rate in this type of case.  Nor did counsel provide any information relevant to prevailing market rates charged for representation in employment discrimination cases.  Counsel did state that he has been in private practice since 1983, and began prosecuting civil rights and employment cases in 1987.  However, he does not practice exclusively in this area of law.

Without any more specific information on reasonable hourly rates, the court finds that the first hourly rate stated in the motion - $225 - is reasonable in this case.  This finding is based on the information in counsel's declaration, and the court's experience in past employment discrimination cases in this district.  Essentially, 8 to 13 years ago hourly rates ranging from $140 to $200 were considered to be reasonable hourly rates for representing plaintiffs in employment discrimination and Fair Labor

Standards Act cases in the Middle District.[7]  Given the length of time since these rates were awarded, and the fact that plaintiff's counsel has more than 30 years experience representing plaintiffs in civil rights/employment litigation, an hourly rate of $225 for the work performed in this case is reasonable.[8]

Based on counsel's declaration and the information on hourly rates found in past employment cases in this district, $225.00 an hour is a reasonable hourly rate.

**Reasonable Number of Compensable Hours**

The number of hours counsel submitted for compensation is 116.5.  Defendants' argument that the plaintiff failed to provide contemporaneous and detailed billing records has merit.  Counsel for the plaintiff acknowledged this in his declaration, and it is

---

[7] See, *Kenneth W. Austin, et al v. Ralph R. Mabey, et al,* Civil Action Number 00-728-SCR, record document number 449, Ruling on Motion for Attorney's Fees and Costs, pp. 9-10 (including cases cited in footnote 10).  The court also notes that counsel for the defendants in this case was the plaintiffs' counsel in the *Austin.* In 2007 counsel asked for $200 per hour for all services performed from 2000 through 2006.  The court found the $200 hourly rate requested was reasonable and allowed charges at $200 per hour for all work performed from 2000-2006.

[8] In a recent employment discrimination case in this district, *Melissa Kennedy v. Parkview Baptist School*, the prevailing defendant filed a Motion for Attorney's Fees.  The motion was denied based on the *Christiansburg* standard.  However, relevant to this motion, two of the defendant's attorneys in the case, who have 15 and 30 years of experience in labor and employment law, requested compensation at the hourly rates of $245 and $325, respectively.  The reasonableness of the attorneys' hourly rates was not contested.  Civil Action Number 13-478-SCR, record document number 77-1, pp. 11-12.

also apparent from a review of the list of activities for which counsel seeks compensation.  For the reasons explained below, only a ten percent reduction of the total award is warranted.

First, the descriptions, considered collectively, provide an adequate depiction of the work performed by counsel to successfully pursue the plaintiff's claims through trial and entry of judgment in her favor.  Furthermore, when the descriptions that are provided are compared to the amount of time listed for the work, the amount of time claimed for compensation is not excessive.[9]  Counsel's litigation strategy also reduced costs and the time expended for the trial.  Rather than prolonging the trial by conducting a lengthy cross-examination of Mayor Holden, counsel for the plaintiff introduced his deposition testimony.  Counsel's direct examination of the plaintiff was also organized and focused.

Plaintiff's success in this litigation is also a factor to consider.  Although the plaintiff's summary judgment was denied, the plaintiff successfully opposed the defendants' motion and then achieved complete success on the merits of her case at trial.  Even though the plaintiff's award of back pay and benefits was reduced for failure to mitigate her losses, the plaintiff still obtained a substantial award of back pay and lost pension benefits - a total

---

[9] The reasonableness of the amount of time requested for compensation is also supported by the court's familiarity with the pleadings filed and work performed by plaintiff's counsel during the course of the litigation.

monetary recovery of $272,148. An award of attorney's fees of approximately $25,000 is clearly not out of proportion to the judgment obtained by the plaintiff.

For these reasons, the court finds that a reduction of the total attorney's fee award by ten percent is sufficient to account for the absence of more detailed contemporaneous time records.

**Nontaxable Costs and Expenses under Rule 54(d)(2)(A)**

Review of the Bill of Costs the plaintiff filed with the clerk of court shows that in this motion the plaintiff requested reimbursement for the same items and amounts included in her Bill of Costs.[10]  Plaintiff cannot recover twice for the same costs. Plaintiff's request for costs in this motion should be for nontaxable costs, that is, the costs not taxable by the clerk. Rule 54(d)(2)(A).

The clerk issued the taxation of costs against the defendants on November 6, 2015 allowing costs under 28 U.S.C. § 1920 in the amount of $1,053.00.[11]  The costs not allowed by the clerk were copying costs for the trial bench book, plaintiff's travel expenses associated with trial, her deposition, and attorney consultations, and the cost of filing the charge of discrimination.  The total of

---

[10] Record document number 82; record document number 76, pp. 3-4.

[11] Record document number 90.

10

the costs not taxed by the clerk under § 1920 was $1,402.74.[12]

Because this is a Title VII case the court has an additional source of authority for awarding costs. The authority is § 2000e-5(k) which states that the court can allow the prevailing party a reasonable attorney's fee as part of the costs. *Mota v. Univeristy of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001). The Fifth Circuit interprets the attorney's fee allowed by this section to include reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services. Examples of these types of costs are postage, photocopying, paralegal services, long distance telephone charges, and travel costs. *Id.*

Review of the costs submitted by the plaintiff and the costs taxed by the clerk shows that the clerk did not allow the $352.94 requested for printing of the trial bench books. This cost was not allowed because documentation was not submitted to the clerk to support it. However, with this motion the expense is sufficiently documented. The motion states that no invoice was received and the amount was paid by credit card on 3/11/15. The bench books were clearly necessary for trial, and counsel's declaration states that the billing submitted in this matter is true and correct. Therefore, this expense is recoverable, reasonable, and

---

[12] Plaintiff did not seek review of the clerk's taxation under Rule 54(d)(1) and Local Rule 54(e).

sufficiently documented, and should be be awarded.

The remaining costs for travel expenses and filing the charge of discrimination with the EEOC cannot be awarded.  It appears from the motion that these were costs directly incurred and paid by the plaintiff either before or during the litigation.  Nontaxable costs and expenses awarded under the authority of § 2000e-5(k) and Rule 54(d)(2)(A) are to reimburse attorneys for their reasonable out-of-pocket expenses incurred in the course of providing legal services and which that would ordinarily be billed to the client.  Plaintiff failed to provide any statutory authority or cite any case supporting awarding the costs she directly incurred for filing her EEOC charge and case-related travel under § 2000e-5(k) and Rule 54(d)(2)(A).  The request for payment of these nontaxable costs totaling $1,049.80 are denied.


## Conclusion

Based on the analysis above, the lodestar fee is calculated as follows:

```
Total compensable hours:      116.50
    Multiplied by
Reasonable hourly rate:      $225.00
    Equals
Gross attorney's fee:     $26,212.50
    Less
10% reduction             - $2,621.25
    Equals
Net attorney's fee:       $23,591.25
```

Accordingly, the Motion for Attorney's Fees and Costs filed by

plaintiff April Overman is granted. Plaintiff is awarded reasonable attorney's fees in the amount of $23,591.25. Plaintiff's request for an award of nontaxable costs is granted in the amount of $352.94, and motion is denied as the remaining costs.

A separate judgment will be entered.

Baton Rouge, Louisiana, November 24, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

13